UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JUAREZ AGUIRRE,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | Case No.: 1:13-cv-00167-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br>(Doc. 12) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on February 4, 2013. (Doc. 1). On February 11, 2013, the Court ordered Respondent to file a response to the petition within sixty days. (Doc. 4). By the Court's order, a response was due on or before April 12, 2013. On April 11, 2013, Respondent requested an extension of time of thirty days within which to file the response. (Doc. 9). On April 18, 2013, the Court granted that motion. (Doc. 11). On April 18, 2013, Petitioner filed the instant motion for entry of judgment based on Petitioner's misinformed contention that Respondent failed to timely file a response pursuant to the Court's February 11, 2013 order. (Doc. 12). Petitioner has no legal or factual basis upon which to request entry of judgment in this habeas proceedings. Accordingly, the Court

1

**DENIES** the motion.

### DISCUSSION

Petitioner contends that he is entitled to entry of judgment or to a default judgment because respondent did not timely comply with the Court-imposed deadline to submit a response to the merits of Petitioner's claims. The Court rejects this contention.

First, Respondent's response was due sixty days from the date of service of the Court's order of February 11, 2013, i.e., by April 12, 2013. On April 11, 2013, two days before the deadline, Respondent timely filed a motion for extension of time of thirty days within which to file the response. (Doc. 9). Subsequently, the Court granted Respondent's motion, thus establishing a new deadline for the response of May 18, 2013. Accordingly, Respondent has at all times been in compliance with the Court's orders and, hence, no grounds exist for any remedial action by the Court.

However, even had the response been untimely, there is no legal basis for entry of a default judgment in habeas corpus cases. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. In Townsend v. Sam, 372 U.S. 293, 312 (1963), the Supreme Court stated as follows: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." Thus, the burden to show that he is in custody in violation of the Constitution of the United States *is on Petitioner*. The failure of State officials to file a timely response does not relieve Petitioner of his burden of proof. Indeed, default judgments are not available in habeas corpus proceedings. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984).

Petitioner is advised that this Court is one of the busiest federal courts in the United States. Filing frivolous motions such as the instant one takes valuable staff time away from addressing the merits of long-pending petitions.  In the future, Petitioner should confine his filings to motions that have merit and a legitimate legal basis.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion for entry of judgment/default judgment (Doc. 12), is DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE