UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JUAREZ AGUIRRE,<br><br>  Petitioner,<br><br>  v.<br><br>CONNIE GIPSON, Warden,<br><br>  Respondent. | Case No.: 1:13-cv-00167-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 30, 2013.[1] Petitioner, who pleaded guilty and was

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 30, 2013. (Doc. 1, p. 43).

1

1  sentenced on July 31, 2009 to a state prison term of nine years, challenges his placement in the secure
2  housing unit ("SHU") and his validation as a prison gang member, which, pursuant to Cal. Pen. Code §
3  2933.6, effective January 25, 2010, precludes Petitioner from receiving sentence-reducing credits.
4  (Doc. 1).  Subsequently, the Court ordered Respondent to file a response to the petition, and, on May 9,
5  2013, Respondent filed the instant motion to dismiss, contending that the petition is untimely under
6  federal law.  (Doc. 16).  On May 30, 2013, Petitioner filed an opposition to the motion to dismiss,
7  arguing that he had exhausted his administrative remedies at a later date than indicated in Respondent's
8  documents, that he had filed additional state habeas corpus petitions that were entitled to statutory
9  tolling, and that he was, in any event, entitled to equitable tolling due to his lack of access to the prison
10 law library.  (Doc. 19).  On June 10, 2013, Respondent filed a reply to Petitioner's opposition in which
11 Respondent asserted that, even with the amended chronology provided by Petitioner, the petition is still
12 untimely.  (Doc. 21).

13       The documents supplied by Respondent in the motion to dismiss, and those provided by
14 Petitioner in his opposition, collectively establish the following chronology with respect to Petitioner's
15 claims.  On November 18, 2009, Petitioner was validated as a prison gang member.  (Doc. 1, Ex. B, p.
16 15).  Petitioner appears to have administratively appealed that decision to the Director's level, where it
17 was denied on June 28, 2010.  (Doc. 19, Ex. A)  Petitioner also filed an administrative appeal from the
18 decision to house Petitioner in the SHU as a result of his gang affiliation.  (Doc. 16, Ex. 1).  In that
19 appeal, Petitioner contended that he should not be housed in the SHU because no documentation had
20 been presented to show that he was "currently active in gang activity."  (Id.).  After his appeal was
21 denied at the second level of review on October 13, 2010, Petitioner did not file an appeal at the
22 Director's level.  (Id., p. 9).  On August 26, 2010, Petitioner filed an administrative appeal challenging
23 his credit-earning status.  (Doc. 1, Ex. B, p. 3).  His appeal was denied at the Director's level on March
24 17, 2011.  (Id., p. 1).

25       Respondent's motion to dismiss contends that, even taking the latest date upon which
26 Petitioner lost an administrative appeal, his petition is untimely.  The Court agrees.
27 ///
28 ///

# DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

### B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 30, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Where, however, as here, the petitioner is challenging a prison administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)(holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004)(holding that the statute of limitations does not begin to run until a petitioner's administrative appeal has been denied).

Here, the task of determining the precise date upon which the one-year period commenced is complicated by the fact that Petitioner's challenge to his credit-earning capacity is, arguably, two-fold, i.e., based on his SHU incarceration and also his gang validation, both of which, pursuant to state law, preclude him from earning sentence-reducing credits. Moreover, since Petitioner was housed in the SHU and gang-validated, arguably both predicate circumstances could have triggered the one-year limitation period. However, as Respondent correctly notes, the petition is untimely under either scenario, and, thus, it is unnecessary to decide which predicate is the one upon which Petitioner is

basing his claim for loss of credits.

If Petitioner's claim is predicated on his gang validation, his last administrative appeal was denied on June 28, 2010. Therefore, the limitations period commenced on June 29, 2010, the following day, and ended 365 days later on June 28, 2011. Alternatively, assuming that the basis of Petitioner's claim is his placement in the SHU, his administrative appeal was denied on October 13, 2010. Accordingly, the one-year period would have commenced the following day, i.e., October 14, 2010, and would have expired 365 days later, i.e., on October 13, 2011. Since the instant petition was not filed until January 30, 2013, the petition is, on its face, untimely unless Petitioner is entitled to either statutory or equitable tolling.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v.

Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the pleadings and documents in the record establish that Petitioner filed the following state habeas petitions related to the claims in the instant petition [2]: (1) petition filed in the Superior Court of Kings County on January 24, 2012, and denied on June 27, 2012 (Doc. 16, Ex. 2 & 3);[3] (2) petition filed in the California Court of Appeal, Fifth Appellate District on August 21, 2012, and denied on August 29, 2012 (Doc. 16, Ex. 4 & 5); and (3) filed in the California Supreme Court on October 4, 2012, and denied on November 28, 2012 (Doc. 16, Ex. 7). [4]

As Respondent correctly contends, Petitioner is not entitled to statutory tolling because the one-year period expired under either scenario discussed in the previous section before Petitioner filed his first state habeas petition on January 24, 2012. A petitioner is not entitled to tolling where the

---

[2] Petitioner contends that he is entitled to statutory tolling for a state habeas petition filed in the Superior Court of Kings County on June 20, 2011, which was then transferred to the Ventura County Superior Court. However, a review of that petition indicates that it was not challenging either Petitioner's placement in the SHU nor his gang validation, but was, rather, challenging certain jail policies. (Doc. 19, Ex. D). Since the petition was unrelated to the issues raised herein, and had no bearing upon any claims that would affect the fact or duration of his confinement, that state petition does not afford Petitioner any additional statutory tolling.

[3] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[4] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Since the one-year period expired either on June 28, 2011 or upon October 14, 2011, both of which are well before the filing of the first petition on January 24, 2012, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA.

  D.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has contended that he is entitled to equitable tolling because, for a three-month period he was restricted in his access to the prison law library. (Doc. 19). However, such a claim is insufficient to merit equitable tolling. Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See Ramirez v. Yates, 571 F.3d

993, 998 (9th Cir. 2009)(limitations on access to the prison law library were "neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.  Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay.").  Petitioner's contention that, for a three-month span of time during late 2011, he was limited in his access to the law library fails to account either for the other nine months of the one-year period or to adequately demonstrate how, during the operative three-month span, the restrictions were so severe that, but for those restrictions, he would have filed his petition in a timely manner.[5]

As a related issue, Petitioner's indigent status and limited legal knowledge are circumstances that Petitioner shares with the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Because such circumstances are common throughout the population of California's prison population, they are not, by definition, extraordinary and, therefore, do not justify equitable tolling.  If limited resources and legal knowledge were an excuse for not complying with the limitations period Congress would have never enacted the AEDPA since most incarcerated prisoners suffer from these same problems.

---

[5] Indeed, with respect to his gang validation, the one-year period expired on June 28, 2011, well before the August, September, and October 2011 time frame during which Petitioner contends he was subjected to limited law library access. Even with respect to his SHU placement, the one-year period ran from October 14, 2010 through October 13, 2011. Assuming the law library restrictions commenced in August, 2011, Petitioner still had the remainder of that one-year period, i.e., nine months, within which to prepare and file his petition.  Under such circumstances, it is specious to contend that the three-month period of restricted access to the library was the "but for" cause of his untimely filing.

**CONCLUSION**

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition is late and should therefore be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 12, 2013**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE